## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**
Jun 10 2015, 9:36 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Brenda J. Marcus
Merrillville, Indiana

ATTORNEY FOR APPELLEE

Philip F. Cuevas
Litchfield Cavo LLP
Chicago, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sharla C. Williams, | June 10, 2015 |
| *Appellant- Petitioner,* | Court of Appeals Cause No. 45A03-1406-CT-202 |
| v. | |
| TradeWinds Services, Inc., Board of Directors of TradeWinds Services, Inc., Jon Gold in his individual capacity and official capacity, | Appeal from the Lake Superior Court<br>The Honorable William E. Davis, Judge<br>Cause No. 45D05-1308-CT-152 |
| *Appellees-Respondents,* | |

**Robb, Judge.**

# Case Summary and Issues

[1] Sharla Williams appeals the trial court's order granting summary judgment—and eventual entry of final judgment—on a number of her claims against TradeWinds Services, Inc., the TradeWinds Board of Directors, and Jon Gold (collectively, "TradeWinds"). Williams also appeals two interlocutory orders, which were a denial of her motion to file an amended complaint, and a denial of her motion for preservation of evidence. Williams raises the following issues for our review: (1) whether the trial court erred by treating TradeWinds's motion to dismiss as a motion for summary judgment after the parties submitted materials outside of the pleadings; (2) whether the trial court erred by directing the entry of final judgment on several of Williams's claims; (3) whether the trial court abused its discretion by denying Williams's motion to amend her complaint; and (4) whether the trial court abused its discretion by denying Williams's motion for an order to preserve evidence. Concluding Williams has forfeited her right to appeal by failing to adhere to Indiana Appellate Rule 9, we dismiss the appeal.

# Facts and Procedural History

[2] Williams began working for TradeWinds in 1999. In the fall of 2009, TradeWinds became suspicious that Williams had improperly taken money from a customer account and initiated an investigation of the matter. In November 2009, Williams resigned from TradeWinds.

[3]     In March 2010, Williams was criminally charged with theft and exploitation of a dependent, both Class D felonies. However, those charges were later dismissed. Also in 2010, Williams filed an action against TradeWinds in the United States District Court for the Northern District of Indiana. A third amended complaint was filed in that action, which alleged federal claims of race discrimination and sex discrimination, in addition to a number of state law claims. On March 4, 2013, the district court dismissed Williams's federal claims and declined to retain jurisdiction over her state law claims.

[4]     On April 2, 2013, Williams commenced this action. Her complaint consisted of eleven counts: (1) wrongful discharge; (2) intentional interference with employment; (3) intentional infliction of emotional distress; (4) negligence; (5) defamation; (6) defamation per se; (7) intentional fraudulent misrepresentation; (8) false imprisonment; (9) malicious prosecution; (10) malicious prosecution; and (11) breach of duty. On May 20, 2013, TradeWinds filed a motion to dismiss Williams's complaint. On July 8, 2013, Williams filed both a motion to amend her complaint and a memorandum in opposition to TradeWinds's motion to dismiss. On August 8, 2013, Williams filed an amended memorandum in opposition to TradeWinds's motion to dismiss. In arguing the issues raised in TradeWinds's motion to dismiss, both parties submitted, referenced, and relied upon additional exhibits outside the pleadings. On October 15, 2013, the trial court issued an order on TradeWinds's motion to dismiss; the trial court noted that the motion was treated as one for summary judgment because facts outside of the pleadings were presented for the trial

court's consideration. The trial court granted summary judgment to TradeWinds on Counts 1, 2, 3, 4, 7, and 11. On the same day, the trial court also issued an order denying Williams's motion to amend her complaint, stating that she failed to submit a proposed amended complaint for the trial court's review.

[5] On November 22, 2013, the trial court denied a motion filed by Williams seeking a court order for TradeWinds to preserve certain documents that Williams believed were relevant for discovery purposes. The Court denied Williams's motion because Williams did not previously seek to have the documents produced through discovery.

[6] On December 9, 2013, TradeWinds filed a motion requesting that the trial court enter final judgment on the Counts for which the trial court granted summary judgment. On February 11, 2014, the trial court granted TradeWinds's motion and entered final judgment pursuant to Indiana Trial Rules 54(B) and 58. On March 24, 2014, Williams filed a motion to correct error, which the trial court denied on May 9, 2014. This appeal followed.

# Discussion and Decision

## I. Forfeiture of Appeal

[7] Indiana Appellate Rule 9(A)(1) provides:

> A party initiates an appeal by filing a Notice of Appeal . . . within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary. However if any party files a *timely*

> *motion to correct error*, a Notice of Appeal must be filed within thirty
> (30) days after the court's ruling on such motion is noted in the
> Chronological Case Summary . . . .

(emphasis added). "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2."[1] Ind. App. Rule 9(A)(5).

[8] The trial court entered final judgment on February 11, 2014. Williams filed her motion to correct error on March 24, 2014—well outside the thirty-day window provided by Indiana Trial Rule 9(A)(1) and Indiana Trial Rule 59(C). Because Williams failed to file her notice of appeal following a *timely* motion to correct error in accordance with Appellate Rule 9, we conclude that she has forfeited her right to an appeal.[2]

# Conclusion

[9] Williams failed to file a timely motion to correct error and corresponding notice of appeal. Therefore, we dismiss her appeal.

[10] Dismissed.

Bailey, J., and Brown, J., concur.

---

[1] Post-Conviction Rule 2 is not relevant to this matter.

[2] Our supreme court has said that an appellant who procedurally forfeits her right to an appeal may have that right restored by the appellate court where there are "extraordinarily compelling reasons" to address the appeal on its merits. *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). Such extraordinarily compelling reasons do not exist in this case.